IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

PERRY N. HOLLANDSWORTH,   )
                         )
    Plaintiff,           )
                         )
v.                       )   Case No. _____
                         )
UTILITY TRAILER MANUFACTURING COMPANY,   )
                         )
    Serve:  Corporation Service Company   )
            100 Shockoe Slip                    )
            2nd Floor                           )
            Richmond, Virginia 23219            )
                         )
    Defendant.           )

## COMPLAINT

COMES NOW Plaintiff, Perry N. Hollandsworth ("plaintiff" or "Hollandsworth"), by counsel, and moves for judgment on the grounds and in the amounts set forth below:

1. This action arises under federal law, particularly the Family Medical Leave Act ("FMLA"), 29 U.S.C. Section 2601, *et seq.*, jurisdiction being conferred therein.

2. Plaintiff is a resident and domiciliary of Meadowview, Virginia.

3. Defendant, Utility Trailer Manufacturing Company ("defendant" or "Utility"), has more than five hundred (500) employees.

4. Plaintiff began his employment with Utility on or about October 8, 2012, in Assembly. His starting pay was $12.90 per hour.

5. On or about October 19, 2016, plaintiff took leave under the FMLA for a serious medical

1

condition of his wife, which required thrice weekly treatments. This medical treatment required him to be absent from work three times per week to take her to her medical provider for medical treatments and tests.

6. After taking his wife to the doctor and bringing her home, there were times when plaintiff had to remain with her after the treatment.

7. Plaintiff also needed to be able to take his wife to the emergency room on an as-needed basis.

8. Defendant's Human Resources department ("HR") required plaintiff to bring in notes from his wife's treating physician to document that plaintiff had, in fact, brought his wife to her treatments.

9. On January 11, 2017, plaintiff brought his wife to her treatment provider for her medical appointment. However, HR refused to grant him Family Medical Leave on this date because although he had transported his wife to her doctor, he had stayed in the car due to the fact that he had worked the night shift before.

10. As the result of defendant's refusal to include January 11, 2017, as Family Medical Leave, plaintiff was, in violation of the FMLA, put on an Attendance Improvement Policy ("AIP").

11. Had plaintiff been properly approved under FMLA for his January 11, 2017, visit to his wife's doctor, he would have been removed from the AIP and the negative attendance points he had accrued during his absences would have been returned to him.

12. Due to defendant's denial of plaintiff's Family Medical Leave for January 11, 2017, plaintiff was forced to sign another AIP, putting him on the policy for another six months so that he would not be terminated.

13. Plaintiff learned on or about February 17, 2017, that his wife had developed another serious medical condition, which would require brain surgery. As a result thereof, plaintiff filed a second application for FMLA in February, 2017. His wife's condition was diagnosed as Chiari Arnold malformation, which is disabling even independent of her initial medical condition.

14. Defendant is aware that plaintiff's wife is disabled and that he is her sole caregiver at home.

15. During plaintiff's second AIP (which lasted six months), plaintiff had a medical emergency, requiring him to go to the emergency room. There he was advised he needed dental surgery as soon as possible. Plaintiff then checked with HR to find out when he would be off the second AIP so that he could schedule the required surgery.

16. Defendant advised plaintiff that he would no longer be on his AIP as of July 11, 2017, so plaintiff scheduled the required surgery for that date.

17. When plaintiff returned to work on July 24, 2017, he was advised he had been terminated because he had missed July 11, 2017, for his dental surgery. HR then advised plaintiff that what they meant was that July 11, 2017, would have been his last day on the AIP.

18. Plaintiff appealed his termination to his boss, Sam Castle, who upheld it.

19. Defendant violated the FMLA by denying his covered leave for January 11, 2017, and for deliberately providing plaintiff with the incorrect date his second AIP would have terminated.

20. Defendant intentionally denied this date of covered leave as its representative actually telephoned plaintiff's wife's medical provider, who advised defendant plaintiff's wife had, in fact, been in for her required visit on that date. Defendant was aware plaintiff's wife could not drive herself to the doctor and, therefore, plaintiff would have to drive her there.

21. Plaintiff requested copies of his FMLA paperwork from HR and from the Plant Manager, but was denied by both. He then asked for HR to provide the dates and times of the days they deemed plaintiff qualified for FMLA, which he was also refused.

22. Defendant's intentional violation of FMLA entitles plaintiff to liquidated damages in an amount equal to all wages and benefits to which he is entitled under the Act for defendant's violation.

23. Defendant's actions were deliberate and malicious, and with callous disregard for plaintiff's legal rights under FMLA.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. Compensatory damages of One Hundred Fifty Thousand Dollars ($150,000.00) for violation of FMLA;

2. Liquidated damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) for violation of FMLA;

3. Immediate reinstatement;

4. Plaintiff's attorney's fees and costs; and

5. Such other and different relief as may be deemed appropriate under the circumstances of this case.

        Respectfully submitted,

        PERRY N. HOLLANDSWORTH

S/ Hilary K. Johnson

_____
HILARY K. JOHNSON, P.C.
316 Valley Street NW
Abingdon, VA 24210
(276) 619-3740
fax - (276) 619-3742
VSB No.: 20345

**A JURY TRIAL IS DEMANDED IN THIS MATTER**